UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | | |
|---|---|---|
| UMPO KILLS IN SIGHT, As Special Administrator of the Estate of CLEVELAND KILLS IN SIGHT, Deceased, | ) ) ) ) ) | CIV. 11-5078-JLV<br><br>ORDER |
| Plaintiff, | ) ) | |
| vs. | ) ) | |
| DR. SHILPA M. SUTARIA, VISTA STAFFING SOLUTIONS, INC., and THE UNITED STATES, Individually, Jointly and Severally, | ) ) ) ) ) | |
| Defendants. | ) | |

Plaintiff Umpo Kills In Sight, as Special Administrator of the Estate of Cleveland Kills in Sight, filed a complaint against defendants Dr. Shilpa M. Sutaria, Vista Staffing Solutions, Inc., and the United States. (Docket 1) Plaintiff asserted claims against Dr. Sutaria for assault and battery, negligent infliction of emotional distress, and intentional infliction of emotional distress. Id. On February 21, 2013, Dr. Sutaria filed a renewed motion for summary judgment asserting plaintiff's summons and complaint were improperly served and plaintiff's claims are barred by the applicable statutes of limitation. (Docket 65). On September 26, 2013, the court granted Dr. Sutaria's motion for summary judgment on the basis service of process was improper and untimely. (Docket 97). The court dismissed plaintiff's claim for assault and battery with prejudice and dismissed plaintiff's claims for negligent infliction of

emotional distress and intentional infliction of emotional distress without prejudice.  Id.

On November 18, 2013, plaintiff filed a motion for reconsideration pursuant to Fed. R. Civ. P. 54(b).  (Docket 98).  Fed. R. Civ. P. 54(b) states:

> When an action presents more than one claim for relief--whether as a claim, counterclaim, crossclaim, or third-party-claim--or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay.  Otherwise, any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all of the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

Fed. R. Civ. P. 54(b).

Plaintiff requests the court reconsider its order granting Dr. Sutaria's motion for summary judgment and find personal service on Dr. Sutaria was sufficient and timely served within the three-year statute of limitation.  (Docket 99).  Specifically, the plaintiff requests the court find Dr. Sutaria was personally served with both the summons and complaint on July 31, 2012, and that the service on July 31, 2012, was legally effective.  Id.

Federal Rule of Civil Procedure 60 provides the following grounds for relief from a final judgment or order:

> On motion and just terms, the court may relieve a party . . . from a final judgment, order, or proceeding for the following reasons:
>
> (1) mistake, inadvertence, surprise, or excusable neglect;

2

> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud . . . , misrepresentation, or misconduct by an opposing party;
> . . .
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

A district court's decision on a motion for reconsideration rests within its discretion. Hagerman v. Yukon Energy Corp., 839 F.2d 407, 414 (8th Cir. 1988). "Motions for reconsideration serve a limited function: to correct manifest errors of law or fact or to present newly discovered evidence." Id. at 414.

The court's order on Dr. Sutaria's renewed motion for summary judgment sets forth the facts which are incorporated here by reference. (Docket 97). A brief recitation of those facts is helpful for the court's analysis. Plaintiff filed a complaint against defendants on September 30, 2011, and summonses were issued the same day. (Dockets 1, 4-8). Plaintiff twice attempted service on Dr. Sutaria through the sheriff in Cook County, Illinois, but the sheriff never completed service. (Docket 33 at ¶¶ 6-10). In November 2011, plaintiff moved the court for an order extending the time for service on Dr. Sutaria and allowing service by publication. (Docket 15). While the motion was pending, plaintiff twice published the summons in the Chicago Tribune in December 2011. (Docket 47-9). On January 11, 2012, plaintiff attempted service on Dr. Sutaria in Ohio through the Allen County Sheriff's Department. (Docket 22). The proof of service indicated Dr. Sutaria was personally served

3

with the summons and complaint. (Docket 22). As a result, the court denied as moot plaintiff's motion for an extension of time to serve Dr. Sutaria. (Docket 23). However, it was later learned the January 11, 2012, service was improperly left at the reception desk at Dr. Sutaria's place of employment and was not personally served on Dr. Sutaria. Plaintiff did not, after realizing the summons and complaint were improperly served on January 11, 2012, move the court for an extension of time for service on Dr. Sutaria.

On July 31, 2012, plaintiff again attempted service on Dr. Sutaria. (Docket 56). The proof of service indicates the summons was personally served on Dr. Sutaria. Id. However, Dr. Sutaria asserted that on July 31, 2012, she was served with a copy of the complaint but not the summons. (Docket 92). Although plaintiff had the opportunity to respond to this assertion, plaintiff did not file a response disputing this claim or otherwise present facts to the contrary. See Docket 97 at p. 6. Based on these facts, the court found service of process was insufficient. Id. at p. 7. The court also noted "[e]ven if the court were to find the summons and complaint were properly served on July 31, 2012, it was more than 300 days after the complaint was filed and the summons was issued for Dr. Sutaria." Id. The court found no good cause existed "to retroactively grant plaintiff an extension of time to properly serve Dr. Sutaria." Id.

Plaintiff now takes the position that Dr. Sutaria was personally served with both the summons and complaint on July 31, 2012, and provided the court with an affidavit from Deputy Ronald S. Rinto indicating he served "the

4

packet of documents" personally on Dr. Sutaria on July 31, 2012. (Dockets 99 & 99-2 at ¶ 6). Plaintiff also attached a copy of the packet of documents sent to Deputy Rinto which included both the summons and complaint. (Docket 99-1).

As discussed above, "[m]otions for reconsideration serve a limited function: to correct manifest errors of law or fact or to present newly discovered evidence." Hagerman, 839 F.2d at 414. Plaintiff has not presented any new evidence that was unavailable at the time the court considered the motion for summary judgment. Plaintiff could have asserted this same position after Dr. Sutaria claimed she was not served with the summons on July 31, 2012. Plaintiff failed to do so. Plaintiff does not explain why these facts were not presented to the court at that time. Plaintiff's motion for reconsideration does not rely on newly-discovered evidence.

In addition, even if service was proper on July 31, 2012, it was untimely. The complaint was filed on September 30, 2011. Under Fed. R. Civ. P. 4(m), plaintiff had until January 28, 2012, to effect service of process on Dr. Sutaria. July 31, 2012, was more than 300 days after the complaint was filed and beyond the time allowed under Rule 4(m). Plaintiff claims the facts of this case "created an equitable estoppel situation" because the court denied as moot the motion for extension of time to serve Dr. Sutaria after plaintiff initially believed Dr. Sutaria was properly served on January 11, 2012. (Docket 99 at p. 4). The court disagrees. On February 1, 2012, Dr. Sutaria answered the complaint and indicated she was not properly served with the summons and complaint.

5

(Docket 27 at ¶¶ 3-4).  Plaintiff was on notice at that time of Dr. Sutaria's position and thereafter could have filed a second motion for an extension of time for service.  Plaintiff failed to do so.  On March 28, 2012, Dr. Sutaria filed a motion for summary judgment again asserting the January 11, 2012, service was improper.  Despite being aware of Dr. Sutaria's claim, plaintiff waited until July 31, 2012, to serve Dr. Sutaria without requesting an extension of time.  Based on these facts, the court finds "no good cause exists to retroactively grant plaintiff an extension of time to properly serve Dr. Sutaria."  (Docket 97 at p. 7).

The court finds plaintiff's motion for reconsideration does not rely on newly-discovered evidence nor does it bring to light a manifest error of law or fact in the court's order.  Plaintiff provides no reason which justifies relief from the court's previous order.  Accordingly, it is hereby

ORDERED that the plaintiff's motion (Docket 98) is denied.

Dated May 5, 2014.

                BY THE COURT:

                /s/ *Jeffrey L. Viken*
                JEFFREY L. VIKEN
                CHIEF JUDGE